United States District Court
Southern District of Texas

**ENTERED**

May 20, 2024

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| THONOLAUS DARRELL POMIER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00010 |
| | § | |
| BRANDSAFWAY, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & RECOMMENDATION

For the reasons discussed below, I recommend sua sponte that this court remand this removed case to state court. *See Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (quotation omitted)). In a nutshell: this case was removed solely on the basis of federal question jurisdiction, which this court does not have. Defendants want to amend the notice of removal, four months after filing, to add an entirely new basis for this court's jurisdiction: diversity jurisdiction. Whether diversity jurisdiction existed at the time of removal is irrelevant. The law does not permit such an amendment and, because this court does not have federal question jurisdiction, this case must be remanded.

### BACKGROUND

On December 4, 2023, Plaintiff Thonolaus Darrell Pomier ("Pomier") filed suit against Defendants The Dow Chemical Company ("Dow"); BrandSafway, LLC ("BrandSafway"); All American Screen, LLC ("All American"); Marcelo Investments, Inc. ("Marcelo Investments"); and University MRO, LLC ("University MRO") in the 239th Judicial District Court, Brazoria County, Texas. Pomier asserts causes of action for breach of contract and violations of the Mandatory Guidelines for Federal Workplace Drug Testing Programs.

On January 5, 2024, BrandSafway removed Pomier's case to federal court solely on the basis of federal question jurisdiction. Specifically, BrandSafway argued that "reasonably and liberally interpreting [Pomier]'s Original Petition as a whole, it appears as if [Pomier] is alleging state law claims as well as a federal claim for relief under the Drug-[F]ree Workplace Act, 41 U.S.C. §§ 8101-8106." Dkt. 1 at 3. BrandSafway contended "this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because [Pomier]'s purported claim under the Drug-[F]ree Workplace Act and related regulations/procedures arise under the laws of the United States," and BrandSafway urged this Court to "exercise supplemental jurisdiction" over Pomier's state law claim. *Id*. at 3–4.

Seven days after removing this action, BrandSafway filed, and Dow joined, a motion to dismiss, arguing that the Drug-Free Workplace Act ("DFWA") "does not provide a private right of action." Dkt. 8 at 14.[1] Stated differently, BrandSafway removed this case from state court on the grounds that Pomier was alleging a federal claim for relief, then turned around a week later and argued that the federal claim is not possible.[2] The United States Supreme Court held decades ago that

> a complaint alleging a violation of a federal statute as an element of a
> state cause of action, when Congress has determined that there should

---

[1] This motion was mooted when Judge Jeffrey V. Brown sua sponte gave Pomier the opportunity to amend his complaint. *See* Dkt. 10. Pomier later filed a substantially similar complaint, *see* Dkt. 11, and BrandSafway and Dow moved to dismiss that complaint too. *See* Dkts. 21, 22. These events do not change the analysis regarding the propriety of removal or of amending BrandSafway's notice of removal.

[2] Interestingly, Judge Dustin B. Pead in the District of Utah confronted this same "unusual circumstance" five years ago when defendants removed a case from state court after the plaintiffs amended their complaint to add causes of actions under the Controlled Substances Act and the Drug-Free Workplace Act, neither of which provide a private right of action. *Epilepsy Ass'n of Utah v. Herbert*, No. 2:19-cv-360, 2019 WL 5265304, at *1 (D. Utah Oct. 17, 2019). Judge Pead ultimately remanded the case to state court. As the removing party, the defendants had the burden to establish federal jurisdiction, which included showing that plaintiff had standing to sue under the federal statute in question. *See id*. at *2–3. Defendants could not carry that burden when they moved to dismiss plaintiff's federal claims on the grounds that the federal statutes in question—the same statutes that defendants had previously claimed provided the basis for federal question jurisdiction—did not provide a private right of action. *See id*.

> be no private, federal cause of action for the violation, does not state
> a claim "arising under the Constitution, laws, or treaties of the United
> States."

*Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (quoting 28 U.S.C. § 1331)). So, during the initial scheduling conference on April 3, 2024, I informed the parties that I thought this court lacked federal question jurisdiction because there is no private right of action under the Drug-Free Workplace Act. I gave the parties an opportunity to file letters explaining why this court has subject matter jurisdiction.

BrandSafway and Dow now concede "the Court does not have subject matter jurisdiction based on federal question jurisdiction." Dkt. 41 at 2. Yet, they contend that "[a]lthough Defendants did not remove this matter based on diversity jurisdiction at the time of removal, diversity jurisdiction existed at that time." *Id.* BrandSafway and Dow have filed an Amended Notice of Removal, arguing that diversity jurisdiction exists under the fraudulent joinder doctrine. *See* Dkt. 40. They assert that Pomier is a Texas citizen, BrandSafway is a citizen of Delaware and Georgia, and Dow is a citizen of Delaware and Michigan. They further contend the citizenships of All American, Marcelo Investments, and University MRO, "whatever [those citizenships] may be, should be disregarded for purposes of diversity jurisdiction" because "[Pomier]'s claims against these defendants are based solely on purported violation of the Drug-[F]ree Workplace Act," meaning Pomier cannot state a claim against the Non-Diverse Defendants. *Id.* at 3–4.

But BrandSafway and Dow's attempt to cure the jurisdictional defects in BrandSafway's original Notice of Removal overlooks the antecedent question: whether a defendant may amend its notice of removal four months after removing the case from state court to add an entirely new jurisdictional ground for removal. For the reasons discussed below, it cannot.

## ANALYSIS

Prior to the expiration of the 30-day time period established by 28 U.S.C. § 1446, a defendant may freely move to amend the notice of removal. *See Richardson v. United Steelworkers of Am*, 864 F.2d 1162, 1165 (5th Cir. 1989); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). "After thirty days, however, 'defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice,' and 'may not add completely new grounds for removal.'" *Bd. of Comm'rs of the Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co.*, 29 F. Supp. 3d 808, 848 (E.D. La. 2014) (quoting 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. JURIS. § 3733 (Rev. 4th ed.)), *aff'd*, 850 F.3d 714 (5th Cir. 2017). "The jurisprudence interpreting § 1653 indicates that this section cannot be invoked to claim an entirely new and distinct jurisdictional basis." *Energy Catering Servs., Inc. v. Burrow*, 911 F. Supp. 221, 223 (E.D. La. 1995) (refusing to allow amendment of removal notice to assert federal question jurisdiction where the original notice "focused solely upon the Court's diversity jurisdiction").

By Defendants' own admission, BrandSafway "did not remove this matter based on diversity jurisdiction at the time of removal." Dkt. 41 at 2. Indeed, the word "diversity" does not appear anywhere in the Notice of Removal. *See* Dkt. 1. Nor do the words "fraudulent joinder" or "improper joinder" appear in the Notice of Removal. *See id.* That ends the inquiry.

Defendants cannot amend the Notice of Removal four months after removal to add an entirely new basis for jurisdiction that they could have asserted the first time. *See Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994) (refusing to permit amendment of removal notice to assert diversity jurisdiction after federal question jurisdiction was found); *Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 822, 822, 834 (N.D. Tex. 2014) (recommending remand where defendant asserted federal question jurisdiction "as its sole ground for removal"

and later "improperly raised diversity jurisdiction" after diversity jurisdiction "was not raised in the notice of removal and [defendant had] never amended its notice of removal to include diversity jurisdiction in support of removal"); *Arancio v. Prudential Ins. Co. of Am.*, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002) ("Here, Prudential's removal petition was irremediably defective as to federal question jurisdiction and *silent* as to diversity. . . . [F]ederal courts construe the removal statute narrowly, resolving any doubts against removability. Given this restrictive policy and given Prudential's failure to offer any reason for not alleging diversity jurisdiction in its original removal petition, the Court declines to grant leave to add new grounds for federal jurisdiction." (quotation omitted)); *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574, 582–83 (S.D. Miss. 2000) ("[T]he fact that this court would have had original federal question jurisdiction had the case been brought here originally is not a reason for the court to refuse to remand the case since defendants failed to timely remove based on federal question jurisdiction."); *see also Crow v. Melton*, No. 3:17-cv-3103, 2018 WL 10419358, at *12 (N.D. Tex. Feb. 20, 2018) ("Because [defendant] seeks to substantively amend its Notice of Removal to include new grounds for the court's diversity jurisdiction, [its] Motion for Leave should be denied."); *Davis v. Life Invs. Ins. Co. of Am.*, 214 F. Supp. 2d 691, 694 (S.D. Miss. 2002) ("[C]ourts have refused to allow amendment of the removal notice beyond the thirty-day period for removal where the ground for removal existed but was not asserted within the thirty-day removal period, for in those cases, the failure to assert an existing basis for removal jurisdiction was viewed as a substantive defect."); *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002) ("Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal.").

Accordingly, I recommend this matter be remanded to state court. If any party disagrees, their objections to this recommendation should set forth the legal basis for why Defendants should be permitted to amend a notice of removal to add

an entirely new basis for federal jurisdiction four months after the case was removed from state court.

## CONCLUSION

For the reasons discussed above, I recommend sua sponte that this matter be remanded to the 239th District Court of Brazoria County, Texas, for lack of jurisdiction.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 20th day of May 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE