Case 3:24-cv-00010   Document 52   Filed on 06/06/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THONOLAUS DARRELL POMIER, | § § § § | |
| Plaintiff, | § § | |
| V. | § § § | 3:24-cv-10 |
| BRANDSAFWAY, LLC, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

On December 4, 2023, the plaintiff, Thonolaus Darrell Pomier, filed suit in the 239th Judicial District Court, Brazoria County, Texas, against BrandSafway, LLC and Dow Chemical Company (collectively, "the defendants"), as well as against All American Screen, LLC, Marcelo Investments, Inc., and University MRO, LLC (collectively, "the unserved defendants"). Pomier brings breach-of-contract claims against each defendant based, in part, on an alleged failure to follow the Mandatory Guidelines for Federal Workplace Drug Testing Programs ("Mandatory Guidelines"), promulgated pursuant to the federal Drug-free Workplace Act of 1988 ("DFWA").

On January 5, 2024, BrandSafway removed this case to this court on the sole basis of federal-question jurisdiction. Dkt. 1. Dow consented to

removal. Dkt. 2. BrandSafway alleged the Unserved Defendants had not been served. Dkt. 1 at 2. BrandSafway originally alleged that this court possesses federal-question jurisdiction because Pomier ostensibly brought a cause of action under the DFWA. Dkt. 1 at 1. One week after removing this case on the basis of federal-question jurisdiction, BrandSafway moved to dismiss this case, arguing in part that "numerous courts have held there is no private right of action under the DFWA." Dkt. 8 at 4. Dow joined in BrandSafway's motion to dismiss. Dkt. 9.

During the initial conference on April 3, 2024, United States Magistrate Judge Andrew M. Edison asked the parties to provide letters by April 19, 2024, explaining why this court possesses subject-matter jurisdiction. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("[W]hen Congress has determined that there should be no private, federal cause of action for the violation [of a federal statute, a claim for violating said statute] does not state a claim 'arising under the constitution, laws, or treaties of the United States.'" (quoting 28 U.S.C. § 1331)).

On May 3, 2024, after receiving an extension of time to file their letter, Dkt. 39, the defendants filed an amended notice of removal. Dkt. 40. That same day, the defendants filed the letter Judge Edison requested, conceding that "the [c]ourt does not have subject[-]matter jurisdiction based on

federal[-]question jurisdiction." Dkt. 41 at 2. Despite this concession, the defendants argued that the citizenships of the unserved defendants "whatever they may be, should be disregarded for purposes of diversity jurisdiction under the fraudulent[-]joinder doctrine" because Pomier's "claims against [the unserved defendants] are based solely on purported violation of the [DFWA]." *Id.*

On May 14, 2024, all pretrial matters in this case were referred to Judge Edison under 28 U.S.C. § 636(b)(1). Dkt. 42. Judge Edison filed a memorandum and recommendation on May 20, 2024, recommending sua sponte that this case be remanded to state court for lack of federal-question jurisdiction. Dkt. 49. In making this recommendation, Judge Edison did not consider the defendants' amended notice of removal, finding that the "defendants cannot amend the Notice of Removal four months after removal to add an entirely new basis for jurisdiction that they could have asserted the first time." Dkt. 49 at 4.

On June 3, 2024, the defendants filed their objections to the memorandum and recommendation. Dkt. 50. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After

conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The defendants object that Judge Edison should have permitted their amended notice of removal—filed without leave of court and four months after this case was removed—"because the grounds for diversity jurisdiction did not become evident until April 11, 2024, when [the p]laintiff clarified his claims against the non-diverse defendants were based solely on purported violation of the [DFWA] and Mandatory Guidelines . . ., under which there is no private right of action." Dkt. 50 at 1–2. But at the time of removal, Pomier asserted a state-law breach-of-contract claim against the unserved defendants. Dkt. 1-2 at 4–5.

Nothing in the record—and most importantly, nothing in Pomier's April 11, 2024 email—suggests that Pomier has abandoned his state-law breach-of-contract claim against any defendant. To the contrary, Pomier asserts the same state-law breach-of-contract claims in his first amended complaint. Dkt. 11 at 3–4.* The fact that Pomier does not have a federal, private right of action for alleged violations of the DFWA and Mandatory Guidelines does not mean that Pomier cannot state a breach-of-contract

---

* Pomier's first amended complaint is irrelevant to whether federal-question jurisdiction existed at the time of removal.

4

claim against the unserved defendants. Thus, contrary to the defendants' objections, there have been no developments in this case that would permit the defendants to amend their notice of removal.

The defendants also contend that Pomier "neither opposes this [c]ourt's exercise of jurisdiction in this case, nor objects to [the d]efendants' [a]mended [n]otice of [r]emoval." Dkt. 50 at 7. But it is black-letter law "that subject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

The defendants' objections are overruled. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court. It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation (Dkt. 49) is approved and adopted in its entirety as the holding of the court; and
(2) This matter is remanded to the 239th Judicial District Court, Brazoria County, Texas.

SIGNED on Galveston Island this 6th day of June, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE